THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRANDY LEGGETTE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. _____ |
| v. ) | |
| ) | |
| DR. PEPPER/SEVEN UP, INC., MEDIX ) | JURY DEMAND |
| STAFFING SOLUTIONS, INC., and ) | |
| JOSEPH ROSS, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

NOW COMES Plaintiff, BRANDY LEGGETTE (hereinafter "Leggette" or "Plaintiff"), by and through her attorneys, Blaise & Nitschke, P.C., and for her Complaint against Defendants, DR. PEPPER/SEVEN UP, INC (hereinafter "Dr. Pepper" or "Defendant"), MEDIX STAFFING SOLUTIONS, INC. (hereinafter "Medix" or "Defendant") and JOSEPH ROSS (hereinafter "Ross" or "Defendant"). Through personal information and belief, Plaintiff states the following:

## PARTIES

1. Plaintiff Brandy Leggette is an individual, and at all times mentioned in this Complaint, was domiciled in Cook County, Illinois.

2. Defendant Dr. Pepper is a Delaware Corporation that conducts business within the State of Illinois and maintains a registered agent for service of process in the State of Illinois, namely C T Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

3. Defendant Medix is an Illinois Corporation that conducts business within the State and maintains a registered agent for service of process in the State of Illinois, namely Illinois Corporation Service Company, 801 Adlai Stevenson Dr., Springfield, IL 62703.

1

4. Defendant, Joseph Ross, an individual, who upon information and belief resides in Cook County, Illinois and at all times relevant employed in Cook County Illinois.

5. At all times herein mentioned, all Defendants, individually and collectively, are and were agents and/or joint venturers of each other, and in doing the acts alleged herein were acting within the course and scope of such agency.

6. Each Defendant had actual and/or constructive knowledge of the acts of the other Defendant as described herein, and ratified, approved, joined in, acquiesced in, and/or authorized the acts of the other, and/or retained the benefits of said acts.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question).

8. This Court also has subject matter jurisdiction under 28 U.S.C. § 1367(a) over Plaintiff's claims seeking damages for violations of state law because said claims arise out of the same case or controversy for which, as set forth above, this Court already has proper subject matter jurisdiction.

9. This Court has personal jurisdiction over Defendants Medix and Dr. Pepper in that, among other things, Defendants do business in this Judicial District, Defendant Ross in that Defendant resides in and committed tortious acts in this Judicial District, and Plaintiff in that Plaintiff resides in and suffered harm in this Judicial District.

10. Venue is proper in this Judicial district pursuant to 28 U.S.C. §§ 1391(b)-(d).

## ALLEGATIONS COMMON TO ALL COUNTS

11. On or about May 12, 2022, Plaintiff began working for Defendant Medix as a medical screener.

12. Medix assigned Plaintiff to work at Defendant Dr. Pepper's facility located at 1230

171st Street, Hazel Crest, Illinois 60429 (hereinafter the "Premises").

13. At all times relevant, Defendant Ross was employed by Defendant Dr. Pepper as a Distribution Supervisor and was a management employee at the Premises.

14. From the time Plaintiff began working at the Premises through approximately late June 2020, Plaintiff and Defendant Ross communicated in person throughout work hours and through text messages during work and off-duty hours.

15. During that time, Defendant Ross sent numerous sexually explicit text messages to Plaintiff, including but not limited to questions about Plaintiff's sexual activity, expressing his desire to have sexual intercourse with Plaintiff, detailing sexual acts he wanted to perform on Plaintiff, asking Plaintiff if she would engage in sexual intercourse with him at work, and explaining that there were blind spots in the Premises cameras.

16. Defendant Ross's text messages also included work related messages directing Plaintiff when to report to work.

17. Plaintiff also sent sexually explicit text messages to Defendant Ross; however, Plaintiff ceased communicating with Defendant Ross privately after learning that Defendant Ross had bragged to other Dr. Pepper employees that he and Plaintiff had been meeting outside of work to have sexual intercourse.

18. Defendant Ross's statements were false; Plaintiff never engaged in sexual intercourse with Defendant Ross.

19. Defendant Ross also stalked and sent harassing messages to Plaintiff on social media.

20. Other Dr. Pepper and Medix employees advised Plaintiff that Defendant Ross inappropriate advances with other female employees in the past and that he had reputation for inappropriate behavior.

21. On or about July 21, 2020, Plaintiff confronted Defendant Ross after she observed

him staring at her while at work; Defendant Ross did not respond and walked away.

22. On July 22, 2020, Plaintiff arrived to work in the morning and was let into the Premises by Defendant Ross; Plaintiff was required to call Defendant Ross to gain access to the Premises pursuant to Dr. Pepper policy since Ross was the supervisor of the day that day.

23. After letting Plaintiff into the Premises, Defendant Ross grabbed Plaintiff's arm and Plaintiff pushed him off her.

24. Defendant Ross then grabbed Plaintiff's phone and took Plaintiff into a dark hallway with which Plaintiff was unfamiliar; the area Defendant Ross brought Plaintiff was obscured from the Premises camera system.

25. Once in the hallway, Defendant Ross got behind her, restricted one of her arms, and forcibly pushed her up against a wall.

26. Defendant Ross turned off Plaintiff's phone and accused Plaintiff of trying to record him.

27. Plaintiff asked Defendant Ross to return her phone but he refused.

28. Defendant Ross held Plaintiff tightly against the wall with his body and rubbed his erect penis on Plaintiff's body.

29. Plaintiff did not consent to Defendant Ross's sexual advances nor was said contact welcomed by Plaintiff.

30. Plaintiff attempted to get away from Defendant Ross on numerous occasions but due to the size difference Plaintiff's attempts were to no avail.

31. Defendant continued restricting Plaintiff's movement until another employee buzzed to get into the Premises, at which time Defendant Ross released Plaintiff and ran to the door to speak with the other employee.

32. Defendant Ross then asked Plaintiff if she was alright.

33. Plaintiff immediately left the Premises without completing her shift and notified her supervisor at Medix, Christina Vitale (hereinafter "Vitale"), of the incident and advised that she was not comfortable returning to work at the Premises or for Medix due to the traumatic effects on Plaintiff resulting from Defendant Ross's actions.

34. Vitale stated that Medix would support Plaintiff in obtaining unemployment and that she would inform her supervisor, Tera Camper (hereinafter "Camper").

35. Vitale also initiated an investigatory call with Camper and two representatives from Dr. Pepper, Kaitlyn Norum and Elizabeth Campbell.

36. On or about July 27, 2020, Plaintiff provided details of the incident to representatives for Dr. Pepper.

37. Approximately one week later, Vitale informed Plaintiff that action had been taken against Defendant Ross; however, upon information and belief Ross was only terminated for using his company cellphone to send sexually explicit text messages and not for his attack on Plaintiff.

38. As such, neither Medix nor Dr. Pepper adequately addressed Plaintiff's reports of sexual harassment and assault by a management level employee.

39. Dr. Pepper is strictly liable for the conduct of its management staff.

40. As a direct result of Defendant Ross's actions and Defendants Medix and Dr. Pepper's failure to investigate and respond to Plaintiff's report, Plaintiff has suffered extreme mental anguish resulting in post-traumatic stress, insomnia, and a fear of being alone with men.

41. Plaintiff exhausted her State remedies and received notices providing Plaintiff the right bring an action against each Defendant.

42. Defendant Dr. Pepper refused to cooperate with the investigation conducted by the Illinois Department of Human Rights by refusing to provide contact information for Defendant Ross.

43. Plaintiff has timely filed this action.

## COUNT I
## TITLE VII – HOSTILE WORK ENVIRONMENT SEXUAL HARASSMENT
### (Against All Defendants)

44. Plaintiff realleges and reincorporates Paragraphs 1 through 43 of this Complaint as if fully set forth herein.

45. Defendants' conduct made Plaintiff's work environment objectively and subjectively offensive in that a management employee made sexual advances toward Plaintiff, a subordinate, and forcefully rubbed his erect penis against Plaintiff while pinning Plaintiff against a wall in the workplace.

46. Defendants' harassment of Plaintiff was based on Plaintiff's gender.

47. Defendants' conduct was severe and pervasive.

48. Defendants are liable for Defendant Ross's conduct since Ross is a management employee of Dr. Pepper and was acting withing the scope of his employment at all times relevant.

49. As a result of Defendants' sexual harassment, Plaintiff has suffered damages and respectfully requests relief from this Court, including but not limited to the following:

    a. Compensatory damages for emotional pain and suffering;

    b. Punitive damages;

    c. Prejudgment interest, including any costs in bringing this suit; and

    d. Any additional amounts this Court deems just and equitable.

## COUNT II
## BATTERY
### (Against Ross)

50. Plaintiff re-alleges and incorporates paragraphs 1 through 43 of this Complaint as though fully set forth herein.

51. Defendant Ross intentionally and forcibly restrained Plaintiff, held Plaintiff against a wall, and rubbed his erect penis on Plaintiff's body without her consent.

52. Defendant Ross made physical contact of an insulting and provoking nature with Plaintiff.

53. That at the time and place aforesaid, the Defendant Ross touched the Plaintiff without cause or provocation.

54. That the battery made upon Plaintiff by Defendant Ross was intentionally and maliciously done with reckless disregard for her safety and well-being.

55. That the injuries of the Plaintiff were a proximate result of one or more of the aforementioned acts by Defendant Ross.

56. As a result, Plaintiff has suffered damages and respectfully requests relief from this Court, including but not limited to the following:

    a. Compensatory damages for emotional pain and suffering;

    b. Punitive damages;

    c. Prejudgment interest, including any costs in bringing this suit; and

    d. Any additional amounts this Court deems just and equitable.

### COUNT III
### ASSAULT
### (Against Ross)

57. Plaintiff re-alleges and incorporates paragraphs 1-43 of this Complaint as though fully set forth herein.

58. Defendant Ross knowingly and without lawful authority caused Plaintiff to have the reasonable apprehension of receiving a battery when he restrained Plaintiff, forced her into a dark hallway, and forcibly rubbed his erect penis against Plaintiff's body.

59. As a result, Plaintiff has suffered damages and respectfully requests relief from this Court, including but not limited to the following:

    a. Compensatory damages for emotional pain and suffering;

      b. Medical expenses

      c. Punitive damages;

      d. Prejudgment interest, including any costs in bringing this suit; and

      e. Any additional amounts this Court deems just and equitable.

### COUNT IV
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Against Defendant Ross)

60. Plaintiff re-alleges and incorporates paragraphs 1 through 43 of this Complaint as though fully set forth herein.

61. Defendant Ross committed extreme and outrageous acts, including forcibly rubbing his erect penis against Plaintiff while pinning her against a wall in the workplace.

62. Defendant Ross knew or should have known that all of the extreme and outrageous conduct outlined in the preceding paragraphs and throughout this Complaint would generate a high probability of emotional distress to Plaintiff.

63. Defendant Ross intended to inflict severe emotional distress by harassing Plaintiff, emotionally, verbally, and/or sexually.

64. As a result of Defendant Ross's actions, Plaintiff no longer feels comfortable being in the workplace or being alone with men.

65. As a direct and proximate result of Defendant Ross's conduct, Plaintiff sustained severe and extreme emotional and physical distress in that she was suffering in the form of extreme anxiety, apprehension, and insomnia.

66. As a result, Plaintiff has suffered damages and respectfully requests relief from this Court, including but not limited to the following:

      a. Compensatory damages for emotional and physical pain and suffering;

      b. Punitive damages for Intentional Infliction of Emotional Distress;

    c.    Prejudgment interest, including any costs in bringing this suit; and

    d.    Any additional amounts this Court deems just and equitable.

## COUNT V
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### *IN THE ALTERNATIVE*
### (Against Defendant Ross)

67.    Plaintiff re-alleges and incorporates paragraphs 1 through 43, and 62 through 67 of this Complaint as though fully set forth herein.

68.    Defendant Ross committed extreme and outrageous acts, including forcibly rubbing his erect penis against Plaintiff while pinning her against a wall in the workplace.

69.    Defendant Ross knew or should have known that all of the extreme and outrageous conduct outlined in the preceding paragraphs and throughout this Complaint would generate a high probability of reasonable fear for her own safety and emotional distress to Plaintiff.

70.    As a direct and proximate result of Defendant's conduct, Plaintiff sustained severe and extreme emotional distress in that she was suffering in the form of extreme anxiety, apprehension and insomnia.

71.    As a result, Plaintiff has suffered damages and respectfully requests relief from this Court, including but not limited to the following:

    a.    Compensatory damages for emotional pain and suffering;

    b.    Prejudgment interest, including any costs in bringing this suit; and

    c.    Any additional amounts this Court deems just and equitable.

## COUNT VI
## NEGLIGENCE
### *IN THE ALTERNATIVE*
### (Against Ross)

72.    Plaintiff re-alleges and incorporates paragraphs 1 through 72 of this Complaint as though fully set forth herein.

9

73. Defendant Ross owed Plaintiff a duty of ordinary care to Plaintiff to guard against injuries which naturally flow as a reasonably probable and foreseeable consequence of his actions which duty extends to Plaintiff, while acting in a professional manner as her supervisor.

74. Defendant Ross breached that duty of ordinary care at the time he restrained Plaintiff, forced her into a dark hallway, and forcibly rubbed his erect penis against Plaintiff's body.

75. Defendant Ross knew or should have known that unwanted touching of the Plaintiff would reasonably cause Plaintiff pain and suffering in the form of extreme anxiety, apprehension and insomnia.

76. Defendant Ross's breach of the duty of ordinary care proximately caused injury to Plaintiff because if not for Ross restraining Plaintiff, forcing her into a dark hallway, and forcibly rubbing his erect penis against Plaintiff's body, Plaintiff would not have suffered any harm.

77. As a result, Plaintiff has suffered damages and respectfully requests relief from this Court, including but not limited to the following:

   a. Compensatory damages for Defendant Ross's negligence;

   b. Medical expenses;

   c. Compensation for emotional pain and suffering;

   d. Prejudgment interest, including any costs in bringing this suit; and

   e. Any additional amounts this Court deems just and equitable.

### COUNT VII
### BATTERY
**(Against Dr. Pepper – *respondeat superior* theory)**

78. Plaintiff re-alleges and incorporates paragraphs 1 through 43, and 51 through 56 of this Complaint as though fully set forth herein.

79. Each of Defendant Ross's acts and omissions described in this Count were performed in the scope of his employment.

80. Defendant Ross intentionally and forcibly restrained Plaintiff, held Plaintiff against a wall, and rubbed his erect penis on Plaintiff's body without her consent.

81. Defendant Ross made physical contact of an insulting and provoking nature with Plaintiff.

82. That at the time and place aforesaid, the Defendant Ross touched the Plaintiff without cause or provocation.

83. That the injuries of the Plaintiff were a proximate result of one or more of the aforementioned acts by Defendant Ross.

84. That at the time and place aforesaid, the Defendant Ross touched the Plaintiff without cause or provocation.

85. That the battery made upon Plaintiff by Defendant Ross was intentionally and maliciously done with reckless disregard for her safety and well-being.

86. As a result, Plaintiff has suffered damages and respectfully requests relief from this Court, including but not limited to the following:

    a. Compensatory damages for emotional pain and suffering;

    b. Punitive damages;

    c. Prejudgment interest, including any costs in bringing this suit; and

    d. Any additional amounts this Court deems just and equitable.

## COUNT VIII
### ASSAULT
**(Against Dr. Pepper – *respondeat superior* theory)**

87. Plaintiff re-alleges and incorporates paragraphs 1 through 43, and 58 through 60 of this Complaint as though fully set forth herein.

88. Each of Defendant Ross's acts and omissions described in this Count were performed in the scope of his employment.

11

89. Defendant Ross knowingly and without lawful authority caused Plaintiff to have the reasonable apprehension of receiving a battery when he restrained Plaintiff, forced her into a dark hallway, and forcibly rubbed his erect penis against Plaintiff's body.

90. As a result, Plaintiff has suffered damages and respectfully requests relief from this Court, including but not limited to the following:

    a. Compensatory damages for emotional pain and suffering;

    b. Medical expenses

    c. Punitive damages;

    d. Prejudgment interest, including any costs in bringing this suit; and

    e. Any additional amounts this Court deems just and equitable.

## COUNT IX
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
**(Against Defendants Medix and Dr. Pepper – *respondeat superior* theory)**

91. Plaintiff re-alleges and incorporates paragraphs 1 through 43, and 61 through 66 of this Complaint as though fully set forth herein.

92. Each of Defendant Ross's acts and omissions described in this Count were performed in the scope of his employment.

93. Defendant Ross committed extreme and outrageous acts, including forcibly rubbing his erect penis against Plaintiff while pinning her against a wall in the workplace.

94. Defendant Ross knew or should have known that all of the extreme and outrageous conduct outlined in the preceding paragraphs and throughout this Complaint would generate a high probability of emotional distress to Plaintiff.

95. Defendant Ross intended to inflict severe emotional distress by harassing Plaintiff, emotionally, verbally, and/or sexually.

12

96. As a result of Defendant Ross's actions, Plaintiff no longer feels comfortable being in the workplace or being alone with men.

97. As a result, Plaintiff has suffered damages and respectfully requests relief from this Court, including but not limited to the following:

    a. Compensatory damages for emotional pain and suffering;

    b. Medical expenses

    c. Punitive damages;

    d. Prejudgment interest, including any costs in bringing this suit; and

    e. Any additional amounts this Court deems just and equitable.

## COUNT X
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### *IN THE ALTERNATIVE*
**(Against Medix and Dr. Pepper – *respondeat superior* theory)**

98. Plaintiff re-alleges and incorporates paragraphs 1 through 43, 68 through 71, and 92 through 97 of this Complaint as though fully set forth herein.

99. Defendant Ross committed extreme and outrageous acts, including forcibly rubbing his erect penis against Plaintiff while pinning her against a wall in the workplace.

100. Defendant Ross knew or should have known that all of the extreme and outrageous conduct outlined in the preceding paragraphs and throughout this Complaint would generate a high probability of reasonable fear for her own safety and emotional distress to Plaintiff.

101. As a direct and proximate result of Defendant's conduct, Plaintiff sustained severe and extreme emotional distress in that she was suffering in the form of extreme anxiety, apprehension and insomnia.

102. Each of Defendant Ross's acts and omissions described in this Count were performed in the scope of his employment.

103. As a result, Plaintiff has suffered damages and respectfully requests relief from this Court, including but not limited to the following:

    a. Compensatory damages for emotional pain and suffering;

    b. Prejudgment interest, including any costs in bringing this suit; and

    c. Any additional amounts this Court deems just and equitable.

## COUNT XI
## NEGLIGENT RETENTION
**(Against Dr. Pepper)**

104. Plaintiff realleges and incorporates paragraphs 1-43 of this Complaint as though fully set forth herein.

105. Defendant Dr. Pepper knew or should have known that Defendant Ross was unfit to supervise female employees so as to create a danger of harm to female employees and contractors.

106. Defendant Ross's unfitness to supervise female employees and contractors was known or should have been known at the time he was retained by Dr. Pepper.

107. Defendant Ross's unfitness to supervise female employees and contractors proximately caused Plaintiff's injuries.

108. As a result, Plaintiff has suffered damages and respectfully requests relief from this Court, including but not limited to the following:

    a. Compensatory damages for emotional pain and suffering;

    b. Medical expenses

    c. Punitive damages;

    d. Prejudgment interest, including any costs in bringing this suit; and

    e. Any additional amounts this Court deems just and equitable.

## COUNT XII
## NEGLIGENT SUPERVISION
### (Against Dr. Pepper)

109. Plaintiff realleges and incorporates paragraphs 1-43 of this Complaint as though fully set forth herein.

110. Defendant Dr. Pepper had a duty to supervise their employees, including Defendant Ross.

111. Defendant Dr. Pepper failed to monitor Ross's conduct.

112. As a result of Defendant Dr. Pepper's failure to monitor Ross's conduct, Plaintiff has suffered damages and respectfully requests relief from this Court, including but not limited to the following:

    a. Compensatory damages for emotional pain and suffering;

    b. Medical expenses

    c. Punitive damages;

    d. Prejudgment interest, including any costs in bringing this suit; and

    e. Any additional amounts this Court deems just and equitable.

## COUNT XIII
## VIOLATIONS OF ILLINOIS GENDER VIOLENCE ACT
### (Against Defendant Ross)

113. Plaintiff re-alleges and incorporates paragraphs 1 through 43 of this Complaint as though fully set forth herein.

114. Defendant Ross committed an act of violence and physical aggression satisfying the elements of battery under the law of Illinois based at least in part on Plaintiff's sex.

115. Defendant Ross committed a physical intrusion of a sexual nature under coercive conditions satisfying the elements of battery in Illinois.

15

116. Defendant Ross threatened to commit further acts of violence, aggression, and physical intrusion, causing a reasonable apprehension that he would commit said further acts.

117. As a result, Plaintiff has suffered damages and respectfully requests relief from this Court, including but not limited to the following:

　　a. Compensatory damages for emotional pain and suffering pursuant to 740 ILCS 82/15;

　　b. Medical expenses;

　　c. Punitive damages pursuant to 740 ILCS 82/15;

　　d. Prejudgment interest, including any attorneys' fees and costs incurred in bringing this suit; and

　　e. Any additional amounts this Court deems just and equitable.

## COUNT XIV
### VIOLATIONS OF ILLINOIS GENDER VIOLENCE ACT
(Against Medix and Dr. Pepper – *respondeat superior* theory)

118. Plaintiff re-alleges and incorporates paragraphs 1 through 43 of this Complaint as though fully set forth herein.

119. Defendant Ross committed an act of violence and physical aggression satisfying the elements of battery under the law of Illinois based at least in part on Plaintiff's sex.

120. Defendant Ross committed a physical intrusion of a sexual nature under coercive conditions satisfying the elements of battery in Illinois.

121. Defendant Ross threatened to commit further acts of violence, aggression, and physical intrusion, causing a reasonable apprehension that he would commit said further acts.

122. Each of Defendant Ross's acts and omissions described in this Count were performed in the scope of his employment.

123. As a result, Plaintiff has suffered damages and respectfully requests relief from this Court, including but not limited to the following:

    a. Compensatory damages for emotional pain and suffering pursuant to 740 ILCS 82/15;

    b. Medical expenses;

    c. Punitive damages pursuant to 740 ILCS 82/15;

    d. Prejudgment interest, including any attorneys' fees and costs incurred in bringing this suit; and

    e. Any additional amounts this Court deems just and equitable.

## COUNT XV
### WILLFUL AND WANTON RETENTION AND FAILURE TO SUPERVISE
### (Against Defendant Dr. Pepper)

124. Plaintiff realleges and incorporates paragraphs 1 through 43 of this Complaint as though fully set forth herein.

125. Defendant Dr. Pepper willfully and wantonly retained and failed to supervise Defendant Ross while he supervised female employees and contractors.

126. As a result, Plaintiff has suffered damages and respectfully requests relief from this Court, including but not limited to the following:

    a. Compensatory damages for emotional pain and suffering;

    b. Medical expenses;

    c. Punitive damages pursuant to;

    d. Prejudgment interest, including any attorneys' fees and costs incurred in bringing this suit; and

    e. Any additional amounts this Court deems just and equitable.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury on all matters so triable.

Respectfully submitted,<br>
BRANDY LEGGETTE

By: /s/ *Heather L. Blaise*
*One of her attorneys*

Blaise & Nitschke, P.C.
145 S. Wells Street, Suite 1800
Chicago, Illinois 60606
T: (312) 448-6602
F: (312) 803-1940
hblaise@blaisenitschkelaw.com
ARDC No. 6298241

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 5, 2022, she caused to be electronically filed the foregoing instrument with the Clerk of the Court for the United States District Court for the Northern District of Illinois using the CM/ECF system.

/s/ *Heather L. Blaise*

Blaise & Nitschke, P.C.
145 S. Wells Street, Suite 1800
Chicago, Illinois 60606
T: (312) 448-6602
F: (312) 803-1940
hblaise@blaisenitschkelaw.com
ARDC No. 6298241