**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BRANDY LEGGETTE,<br><br>    Plaintiff,<br><br>    v.<br><br>DR PEPPER/SEVEN UP, INC., MEDIX<br>STAFFING SOLUTIONS, INC., and JOSEPH<br>ROSS,<br><br>    Defendants. | No. 22 CV 2376<br><br>Judge Manish S. Shah |

**ORDER**

Defendants' motions to dismiss, [15]; [19], are granted. The case is dismissed without prejudice. Enter judgment and terminate civil case. If plaintiff exhausts her administrative remedies and refiles suit in this court, plaintiff should designate the new case as related to this dismissed action to alert the Clerk's Office to assign the case to this judge.

**STATEMENT**

Plaintiff Brandy Leggette worked for defendant Medix Staffing Solutions, Inc. at a facility operated by defendant Dr Pepper/Seven Up, Inc. She alleges that a supervisor, defendant Joseph Ross, sexually harassed and assaulted her, and that Medix and Dr Pepper failed to adequately investigate or respond. Leggette brings a Title VII hostile work environment claim against all defendants, along with related state-law claims. Dr Pepper and Medix move to dismiss.

In federal court, a plaintiff must state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing a motion to dismiss, a court must construe all factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Sloan v. Am. Brain Tumor Ass'n*, 901 F.3d 891, 893 (7th Cir. 2018) (citing *Deppe v. NCAA*, 893 F.3d 498, 499 (7th Cir. 2018)).

Leggette worked as a medical screener for defendant Medix, assigned to a Dr Pepper facility. [1] ¶¶ 11–12.[1] Ross was a manager at that facility. *Id.* ¶ 13. During Leggette's employment, Ross and Leggette exchanged sexually explicit text messages, *id.* ¶¶ 15–17, and Ross stalked and harassed Leggette on social media. *Id.* ¶ 19. Other Dr Pepper and Medix employees knew about Ross's past history of inappropriate behavior with female employees. *Id.* ¶ 20.

In July 2020, Ross sexually assaulted Leggette at the Dr Pepper facility. [1] ¶¶ 22–31. Leggette told her supervisor at Medix about the assault, *id.* ¶¶ 33–34, and Medix initiated an investigation involving representatives from Dr Pepper. *Id.* ¶¶ 35–36. Ross was fired for using a company cellphone to send sexually explicit text messages, but not for his attack on plaintiff. *Id.* ¶ 37. As a result of the assault and her employers' failure to investigate or respond to her report, plaintiff suffered extreme anguish, post-traumatic stress, insomnia, and a fear or being alone with men. *Id.* ¶¶ 38–40.

In early February 2021, Leggette filed simultaneous charges with the Illinois Department of Human Rights and the EEOC. [24] at 2. She received a right-to-sue letter from the IDHR, *see id.*; [1] ¶ 41, but has not yet received a right-to-sue letter from the EEOC. [24] at 2.

Before a plaintiff can bring a Title VII claim, she must exhaust her administrative remedies by filing a charge with the EEOC and receiving a right-to-sue letter. *Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004 (7th Cir. 2019) (citation omitted); *Arrigo v. Link*, 836 F.3d 787, 793 (7th Cir. 2016) (citation omitted). Filing suit before receiving the letter isn't a jurisdictional problem, but is a reason to dismiss a Title VII claim under Rule 12(b)(6). *See Salas v. Wis. Dep't of Corr.*, 493 F.3d 913, 921 (7th Cir. 2007); *see also Fort Bend Cnty., Texas v. Davis*, 139 S. Ct. 1843, 1846–51 (2019) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 515–16 (2006)) (Claim-processing rules such as Title VII's charge-filing requirement aren't jurisdictional. In the absence of Congressional instruction otherwise, courts should treat preconditions to relief and claim-processing rules as nonjurisdictional.).

Leggette argues that dismissal of her Title VII claim would be a waste of time, since the EEOC is likely to adopt the decision of the IDHR, she expects to receive the right-to-sue letter shortly, and, if her claim is dismissed, she will merely re-file an identical complaint after she receives the letter. *See* [27] at 2–3; [24] at 2–3. But these efficiency interests don't excuse Leggette's failure to exhaust administrative remedies. *See Conner v. Ill. Dep't of Nat. Res.*, 413 F.3d 675, 680 (7th Cir. 2005). *Cf. Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 129 (7th Cir. 1989) (A court may

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings. The facts are taken from the complaint. [1].

excuse the absence of a right-to-sue letter if a delay is caused by EEOC error.). Plaintiff hasn't met the requirements to file a Title VII claim, or shown that requiring her to re-file her suit will be prejudicial. Count one is dismissed. Dismissal on the basis of failure to exhaust administrative remedies is without prejudice. *McHale v. McDonough*, 41 F.4th 866, 872 (7th Cir. 2022) (citing *Teal v. Potter*, 559 F.3d 687, 693 (7th Cir. 2009)).

With the only federal claim dismissed, this court has discretionary jurisdiction over the supplemental state-law claims. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *Bailey v. City of Chicago*, 779 F.3d 689, 696 (7th Cir. 2015); 28 U.S.C. § 1367(c)(3) (A court may—but is not required to—decline to exercise supplemental jurisdiction over state-law claims upon dismissal of "all claims over which it has original jurisdiction."). The presumption is that when all federal claims are dismissed, the district court will relinquish jurisdiction over state-law claims. *Jauquet v. Green Bay Area Cath. Educ., Inc.*, 996 F.3d 802, 812 (7th Cir. 2021) (citing *Williams Electronics Games, Inc. v. Garrity*, 479 F.3d 904, 907 (7th Cir. 2007)). The court may retain jurisdiction when (1) the statute of limitations has run on the state-law claims, precluding the filing of a separate suit in state court, (2) substantial judicial resources have already been committed, or (3) it is absolutely clear how the claims can be decided. *Sharp Electronics Corp. v. Metro. Life Ins. Co.*, 578 F.3d 505, 514–15 (7th Cir. 2009) (quoting *Wright v. Associated Ins. Cos., Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994)).

Plaintiff argues that I should retain jurisdiction over her Illinois-law claims to promote judicial economy and because (in the event of dismissal) she would be unable to re-file her action in state court. [24] at 3; [27] at 5. Medix asks that I decline supplemental jurisdiction, [16] at 5–6, while Dr Pepper wants the court to retain jurisdiction over some state-law claims because it's clear how they should be resolved. [20] at 7 n.2.

In this case, there's no reason to overcome the presumption that an Illinois court ought to handle plaintiffs' claims. *See RWJ Mgmt. v. BP Products North America, Inc.*, 672 F.3d 476, 479 (7th Cir. 2012) (quoting *Khan v. State Oil Co.*, 93 F.3d 1358, 1366 (7th Cir. 1996)). Discovery has been stayed, [25], and substantial judicial resources have not yet been committed. Leggette doesn't explain why she will be unable to re-file her suit in state court, and, given her timely federal suit, the relevant statutes of limitations for her state-law claims shouldn't be a problem. *See* 28 U.S.C. § 1367(d); *Artis v. District of Columbia*, 138 S. Ct. 594, 598 (2018) (The statutes of limitations applicable to Leggette's claims are tolled while the claims are pending in federal court and for at least thirty days after dismissal.). Plaintiffs' claims aren't frivolous, *see Wright*, 29 F.3d at 1251–52, and there's no federal interest in this remaining state-law employment dispute. I decline to exercise supplemental jurisdiction. The remaining counts are dismissed without prejudice.[2]

ENTER:

Date:  October 11, 2022

Manish S. Shah
U.S. District Judge

---

[2] Defendant Ross has not appeared, and plaintiff has not moved for an order of default. For the reasons stated above, the claims against Ross are also dismissed without prejudice. The hostile work environment claim against Ross is also dismissed because he cannot be held liable for discrimination in an individual capacity under Title VII. *See Passananti v. Cook Cnty.*, 689 F.3d 655, 677 (7th Cir. 2012) (citing *Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995)).